UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

Civil Action No. 09-31-HRW

ANGELA LANE DAVENPORT-SATTERLY,     PLAINTIFF,

v.     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on October 29, 2004, alleging disability beginning on October 22, 2004, due to "fusions in discs in lower back, pain, depression [and] bi-polar disorder" (Tr. 69). This application was denied initially and on reconsideration. On April 27, 2007, an administrative video hearing was conducted by Administrative Law Judge Don

C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Ralph M. Crystal, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 8, 2007, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 21-30). Plaintiff was 43 years old at the time of the hearing decision. She has a high school education and past relevant work experience as a phlebotomist, data entry worker, insurance claims assistant, driver, jailer, certified nurse's assistant, office security worker and factory worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from depression and anxiety not otherwise specified, degenerative disc disease of the lumbar spine with chronic back pain and a history of pulmonary histoplasmosis with abnormal chest x-ray, which he found to be "severe" within the meaning of the Regulations (Tr. 23-25).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25). In doing so, the ALJ specifically considered listings 1.00, 12.04 and 12.06 (Tr. 25).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 29) but determined that she has the residual functional capacity ("RFC") to perform light level work with certain limitations and exceptions as set forth in the hearing decision (Tr. 25-29).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 29-30).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 26, 2009 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate her subjective complaints and (2) the ALJ did not defer to the opinions of treating physicians, Dr. Mark Josovitz and Dr. Alan Honaker.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate her subjective complaints.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of*

*Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility regarding her allegations of disabling impairment to be "more than poor". (Tr. 27). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

For example, medical records as of March 2006 reflect a stabilization of Plaintiff's back problems. As for Plaintiff's pulmonary function, studies established only mildly restricted airways. Further, despite her allegations of disabling bipolar disorder, treatment in this regard is, at best, sporadic. Simply put, the objective medical evidence of record does not support the extent of disabling impairment alleged by Plaintiff.

In addition, the ALJ found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities. Plaintiff testified regarding her daily activities, which include light housekeeping, cooking and shopping (Tr. 27). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

Plaintiff's second claim of error is that the ALJ did not defer to the opinions of treating physicians, Dr. Mark Josovitz and Dr. Alan Honaker.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff relies upon Dr. Josovitz's February 11, 2005 statement that "[she] is unable to engage in gainful employment and should be considered a candidate for total disability" (Tr. 244). The Court finds that the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973

(6th Cir. 1984). Moreover, it is unclear whether Dr. Josovitz's opinion reflects Plaintiff's current condition. Indeed, just three months prior to making the subject statement, his notes indicate that Plaintiff's symptoms required only conservative treatment. Given the contradictory and inconsistent nature of Dr. Josovitz's opinions, the Court finds no error in the ALJ's rejection of the same.

As for Dr. Honaker, he does not qualify as a treating source. He treated Plaintiff briefly, for three or four weeks, and thus lacks the longitudinal history of treatment contemplated by the regulations. *See e.g., Deboard v. Commissioner of Social Security*, 211 Fed.Appx.411, 415 (6th Cir. 2006).

Considering the substance of Dr. Honaker's opinion, rendered in the form of a functional capacity assessment(Tr. 609-616), it appears, based upon the record, that his assessment was based primarily on Plaintiff's subjective complaints, rather than objective medical evidence. Therefore, the ALJ was correct in not assigning it great weight.

In furtherance of her appeal, Plaintiff submitted treatment notes from Dr. Honaker dated March 27, 2006 to June 7, 2007 to the Appeals Council. Although Plaintiff has not advanced any argument as to why this evidence should be considered by this Court, the Court will analyze Plaintiff's submission as a request for remand pursuant to Sentence Six of 42 U.S.C. §405g.

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, Plaintiff has wholly failed to show that the new evidence is material. Indeed, Plaintiff has neglected to make any argument in this regard. " [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put

flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9 day of April, 2010.

Henry R. Wilhoit, Jr., Senior Judge